# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2007

Charles R. Fulbruge III
Clerk

No. 06-10543

United States of America

Plaintiff - Appellee

v.

James Benjamin Puckett

Defendant - Appellant

Appeal from the United States District Court for the
Northern District of Texas

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

EDITH H. JONES, Chief Judge:

Appellant Puckett challenges his guilty-plea conviction of and sentence for bank robbery and the associated use of a firearm. Puckett argues that he lacked capacity to plead guilty, that the government breached the plea agreement, that the district court erred in calculating his offense level, and that he suffered from ineffective assistance of counsel. We hold that plain error review governs the contention, newly raised on appeal, that the government breached the plea agreement. Finding no reversible error in this or Puckett's other issues, we affirm.

## BACKGROUND

In July 2002, James Benjamin Puckett was charged in a two-count indictment with bank robbery and use of a firearm in the commission of a crime of violence. Puckett pleaded guilty to both counts on September 18, 2003. As part of the plea agreement, the government stipulated that Puckett accepted responsibility for his crimes and thus qualified for a three-level reduction in his offense level. The government also agreed to request a sentence at the low end of the applicable sentencing guidelines range. Following the plea agreement, the government filed a motion in support of the three-level reduction.

Two months after his guilty plea but before sentencing, Puckett suffered a seizure and was diagnosed with a benign tumor on the left side of his brain. He underwent surgery to remove it. At the request of defense counsel, the court ordered physical and neurological evaluations to determine Puckett's mental capacity both presently, and at the time of the offense. While the evaluations took place, the court continued the sentencing hearing numerous times at Puckett's request.

Two years after pleading guilty, Puckett filed a "Claim of Ineffective Assistance of Counsel." He argued, inter alia, that his attorney failed to investigate his brain disease and failed to pursue a defense based on diminished capacity or mental defect. Later, in November 2005, Puckett filed a motion pro se to withdraw his guilty plea. He contended that his brain tumor and bi-polar disorder rendered him incompetent to plead guilty and unable to assist in his own defense.

Without a hearing, the district court rejected the claim of ineffective assistance of counsel and denied the motion to withdraw the plea. The court found insufficient medical evidence that Puckett suffered from bi-polar disorder, and no evidence at all that Puckett's brain tumor or bi-polar disorder had rendered him incompetent. The court also noted that the psychological

2

evaluations of Puckett were "replete" with findings of rationality, and stated that Puckett was demonstrably competent at the time of re-arraignment. Finally, the court concluded that Puckett had not shown his attorney's performance was deficient or otherwise prejudicial to Puckett's defense.

Puckett was finally sentenced. The original presentence report (PSR) from 2003 had recommended a three-level reduction in the offense level for acceptance of responsibility. Due to the delay in sentencing, the district court ordered the probation officer in March 2006 to interview Puckett and update the PSR. During those interviews Puckett admitted that, while awaiting sentencing in this case, he had helped another inmate defraud the United States Postal Service. The probation officer detailed this subsequent criminal conduct in an addendum to the PSR and recommended that Puckett receive no reduction for acceptance of responsibility. The probation officer repeated this recommendation at sentencing, and the government agreed Puckett was no longer entitled to a reduction. The government did not mention its conflicting stipulation under the plea agreement. Puckett argued the court could award the reduction despite the new criminal conduct, but he did not object on the grounds that the government had breached the plea agreement. The court declined to reduce the offense level. It did, however, sentence Puckett at the low end of the advisory guidelines range. Puckett's final sentence requires 262 months' imprisonment for bank robbery and a consecutive 84-month term on the gun count.

Puckett raises four points of error on appeal. First, he contends that the district court abused its discretion in denying his request to withdraw his guilty plea. Second, he argues the government's breach of the plea agreement renders the agreement unenforceable. Third, Puckett claims the district court erred in denying him a reduction for acceptance of responsibility. Finally, Puckett renews his ineffective assistance of counsel claim.

DISCUSSION

## I.  Withdrawal of the Guilty Plea

On September 18, 2003, Puckett appeared at re-arraignment and entered a plea of guilty on both counts in the indictment.  Before accepting the plea, the district court fulfilled its Rule 11 obligations to question Puckett and ensure the plea was both knowing and intelligent.  Satisfied on these points, the court accepted the plea.  More than two years later, on November 8, 2005, Puckett filed a motion to withdraw his guilty plea.  The district court denied that motion.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).  There is no absolute right to withdraw a guilty plea, and the defendant bears the burden to establish a "fair and just reason" for withdrawal.  Id.; United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).  In determining whether the district court abused its discretion in denying the motion, this court reviews seven factors: (1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the withdrawal motion, (4) whether withdrawal would inconvenience the court, (5) whether adequate assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources.  Grant, 117 F.3d at 789.  In applying these factors, courts are to consider the totality of the circumstances.  United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984).

In this case, the third and the sixth factors are particularly relevant.  As to the third factor, delay, over two years elapsed between the guilty plea and Puckett's motion to withdraw his plea, with the brain tumor removal near the beginning of the period.  In the past, we have held that a delay of only 22 days weighed against withdrawal of a guilty plea.  Carr, 740 F.2d at 345.  Here, Puckett's delay is many, many times greater than in Carr, and he offers no

explanation for why he did not seek withdrawal in a more timely fashion. This factor weighs heavily against Puckett.

As to the sixth factor, Puckett fails to demonstrate that his plea was not knowing and voluntary. At re-arraignment the district court questioned and advised Puckett thoroughly concerning the details and consequences of his plea. Puckett stated repeatedly that he understood the proceedings and acknowledged his guilt. The district court's finding that his plea was intelligent and voluntary was well-supported by the record, and Puckett introduces no evidence to show otherwise. He claims his tumor caused him headaches and nausea in the months prior to his plea, but shows no proof that his mental capacity was in any way impaired. Rather, the record indicates that the tumor was benign, that it did not affect the existing brain tissue, and did not impair Puckett's ability to enter a knowing and voluntary plea.

The other factors also weigh against withdrawal. Puckett had able assistance of counsel throughout the process, as explained in greater detail below. Moreover, Puckett does not assert his actual innocence. He admits to robbing the bank but believes that the brain tumor "caused him to commit the crime in question." This bald assertion, without more, does not justify withdrawal. See United States v. Rojas, 898 F.2d 40, 43 (5th Cir. 1990). Additionally, allowing withdrawal of the guilty plea—after the district court accommodated Puckett's many requests for additional time to evaluate his mental condition—would prejudice the government, inconvenience the court, and waste judicial resources. We find no abuse of discretion in the district court's decision to deny Puckett's withdrawal motion.

II.   Breach of the Plea Agreement

A.   Standard of Review

Puckett's second argument is that the plea agreement is invalid because the government breached it. The government concedes that it breached the plea

agreement at sentencing by opposing any reduction for acceptance of responsibility. Puckett failed to object to this breach, and raises the argument for the first time on appeal. Because Puckett forfeited this error,[1] both parties agree that some sort of plain error analysis is appropriate. See United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003); Fed. R. Crim. P. 52(b). The parties differ, however, as to the details of that analysis. Puckett would have us apply a rule of per se reversal any time the government breaches a plea agreement. The government, on the other hand, argues that reversal is appropriate only if Puckett can make the necessary showing of prejudice.

Each party cites Fifth Circuit caselaw in support of its position. Puckett bases his per se rule in part on United States v. Goldfaden, where the panel held that the government's breach of a plea agreement was reversible plain error. 959 F.2d 1324, 1328 (5th Cir. 1992). Puckett also cites United States v. Valencia for the proposition that "[t]he interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached." 985 F.2d 758, 761 (5th Cir. 1993). In response, the government contends that the breach of a plea agreement can constitute plain error, but will not always warrant reversal. United States v. Cerverizzo, 74 F.3d 629, 633 (5th Cir. 1996). To reverse, Puckett must establish the elements of plain error and show prejudice before this court can correct a forfeited error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).[2]

---

[1] Forfeiture is different from waiver. Waiver is the intentional relinquishment of a known right, and extinguishes an error completely. See United States v. Olano, 507 U.S. 725, 733 (1993). In contrast, forfeiture—failure to make the timely assertion of a right—does not eliminate the error, nor does it completely foreclose the possibility of appellate review. Id. at 733-34.

[2] Calverley was abrogated in part on other grounds by Johnson v. United States, 520 U.S. 461, 468 (1994), which held that plain error need not be plain at the time of trial, so long as it is plain by the time of appeal. Johnson does not affect the present analysis.

Resolving the conflict in our authorities, we conclude that the correct and governing standard is articulated in Calverley and applied in Cerverizzo. This court's cases that appear to establish a contrary rule have been superseded or simply do not apply the correct standard. Because of the confusion in this area, it is necessary to explain why we are bound by the Calverley en banc decision despite the failure of a few intervening decisions to follow that precedent. The key distinction is between preserved error and forfeited error.

    1.  Calverley

 In Calverley this court took the opportunity to "revisit and clarify the issue of plain error in criminal cases in this circuit." 37 F.3d at 161. The court began by emphasizing the reality of procedural default, pointing out that a court will take notice of forfeited error only in "exceptional circumstances." Id. at 162. Calverley relied on the then-recent decision in United States v. Olano, where the Supreme Court stated, "[n]o procedural principle is more familiar to this Court than that a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion . . . ." 507 U.S. 725, 731 (1993). Based on Olano's reasoning, Calverley clarified the Fifth Circuit's standard for reviewing forfeited error in a criminal case.

 Under Calverley, a forfeited error is redressable only if a criminal defendant can show reversible plain error. The first element of this showing is error, which is defined as "deviation from a legal rule in the absence of a valid waiver." Calverley, 37 F.3d at 162. Second, that error must be plain. Plain errors are "obvious," "clear," or "so conspicuous that the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them]." Id. at 162-63 (quotation marks and citation omitted). Finally, the plain error must "affect substantial rights." In most cases, the "affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." Id. at 164. The

defendant bears the burden of persuasion. If the defendant cannot show a substantial right has been compromised, no remedy is available.[3]

When the three elements of plain error are present, relief on appeal is discretionary, not mandatory. A court of appeals should exercise its discretion only when a plain error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. Plain error affecting substantial rights, without more, does not warrant correction on appeal. Rather, appellate courts "must determine whether the facts of the particular case warrant remediation." Id.

### 2. Goldfaden

Puckett does not explain how he has satisfied Calverley, arguing instead that under United States v. Goldfaden the government's breach of a plea agreement is reversible without further analysis. Goldfaden, however, has been superseded by Calverley.

In Goldfaden, the defendant argued for the first time on appeal that the government had breached the plea agreement. 959 F.2d at 1327. The court ostensibly reviewed this claim for plain error but did not explain the basis for its holding. After finding that the government had breached the plea agreement, the court concluded in the space of a sentence that "this violation is plain error," and remanded for resentencing. Id.[4] This cursory plain error review does not meet the Calverley or Olano requirements. After finding error, Goldfaden did not explain why the government's error was "plain" or "obvious."[5] Two years

---

[3] This is the reverse of the harmless error standard, under which the government bears the burden to show that no prejudice resulted. Id.

[4] Goldfaden's sparse reasoning by no means makes clear that it intended to establish a per se rule of reversal when the government breaches a plea agreement.

[5] Goldfaden did not articulate this second prong of the plain error test, much less explain how it was met. The court cited only an opinion from the Third Circuit to refute the government's claim that it had not breached the plea agreement. Id.

after Goldfaden, Calverley disavowed earlier circuit decisions that "fail to articulate the requirement that the unobjected to error must be obvious." 37 F.3d at 163-64 & n.27.

Further, Goldfaden did not address the third prong of the Calverley test. Though the court correctly observed that a plea agreement implicates a defendant's constitutional rights, 959 F.2d at 1328, this is insufficient where a defendant fails to preserve error on appeal. Olano, 507 U.S. at 731 (noting that constitutional rights are subject to forfeiture if not timely asserted). Under Calverley, forfeited plain error is redressable only when it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." 37 F.3d at 164 (emphasis added). Goldfaden did not reach this question, nor did the court explain whether the defendant was required to, or actually did, show prejudice. See Goldfaden, 959 F.2d at 1327-28. Because Goldfaden did not adequately consider the appellate court's limited authority to review forfeited error, it cannot be applied post-Calverley. The controlling standard for forfeited error in criminal cases was articulated clearly in Calverley, and we are bound by that en banc decision.

### 3. Decisions Subsequent to Calverley

Several Fifth Circuit decisions have recognized that the Calverley standard applies to forfeited objections to a breach of a plea agreement.[6] Notably, in United States v. Cerverizzo, the court applied Calverley and affirmed that under the plain error test a defendant claiming a breach of a plea agreement must show prejudice resulting from the error. 74 F.3d 629, 633 (5th Cir. 1996).

---

[6] See, e.g., United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001) (though the breach of a plea agreement "can constitute plain error," under Olano a forfeited error will not warrant reversal unless it "seriously affects" the fairness, etc. of judicial proceedings); United States v. Branam, 231 F.3d 931, 933 (5th Cir. 2000) (same) (citing Calverley, 37 F.3d at 162-64, and United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994)).

A handful of this court's cases, unfortunately, are inconsistent with Calverley and call for per se reversal any time the government breaches a plea agreement. These opinions do not properly account for the distinction between preserved and forfeited error.

The root of the confusion is United States v. Valencia, a case that Puckett relies on. 985 F.2d 758 (5th Cir. 1993). In Valencia the government breached a plea agreement at sentencing, and the defendant preserved his objection. Id. at 760. On appeal the panel applied a per se rule of reversal, stating that "[t]he interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached." Id. at 761. That rule, articulated in a case where the defendant preserved the error, is inapplicable here, where Puckett forfeited the error. Puckett's reliance on Valencia is thus misguided.

Other decisions have erroneously relied on Valencia in situations where a defendant forfeited his objection. In United States v. Munoz, 408 F.3d 222 (5th Cir. 2005), the defendant argued for the first time on appeal that the government had breached the plea agreement. Id. at 226. Although Munoz claimed to be reviewing for plain error, it did not conduct the appropriate analysis. Munoz did not require the defendant to show the elements of plain error and prejudice as required by Calverley and Cerverizzo. Instead, the court, citing Valencia, applied a rule of per se reversal. Id. at 226 & n.26. Munoz is not alone in failing to draw the distinction between preserved and forfeited error and in incorrectly applying Valencia rather than Calverley and Cerverizzo.[7]

---

[7] See United States v. Keresztury, 293 F.3d 750, 754-55 (5th Cir. 2002) (applying Valencia and failing to acknowledge Calverley where defendant apparently forfeited his objection); United States v. Saling, 205 F.3d 764, 766-67 (5th Cir. 2000) (summarily reversing based on Valencia, without specifying whether defendant had preserved his objection).

In sum, decisions that incorrectly relied on Valencia without considering the ramifications of procedural default are not controlling. The correct rule, correctly applied, is found in Calverley and Cerverizzo, and we are bound by that rule where no objection was lodged in the district court. See United States v. Molina, 469 F.3d 408, 416 (5th Cir. 2006).

B.    Analysis

Accordingly, we review Puckett's forfeited objection under the plain error standard set forth in Calverley and Cerverizzo. The first two prongs of the test are readily satisfied. There was error, as the government concedes that its objection at sentencing to the reduction for acceptance of responsibility "contradicted the terms of the plea agreement." Moreover, the error was obvious. Valencia, 985 F.2d at 761.

Concerning the third prong, whether this error affected a substantial right, Puckett has not carried his burden of showing prejudice. Cerverizzo, 74 F.3d at 633. It is clear that the court denied Puckett a reduction because he admitted he committed another crime while in custody. When Puckett asked the court nonetheless to find that he had accepted responsibility, the district court replied it was "so rare to be unknown" that a defendant with subsequent criminal activity would receive such a reduction. Puckett has made no showing that, absent the government's recommendation, the district court would have disregarded his criminal conduct and granted the reduction for acceptance of responsibility. The record indicates exactly the opposite. Absent proof of prejudice, Puckett cannot establish plain error and is not entitled to relief on a forfeited objection.

By adhering to plain error review, we do not disagree with Valencia's observation that the government should not be permitted to "make a plea bargain attractive to a defendant, subsequently violate the agreement[,] and then argue harmless error, thereby defrauding the defendant." 985 F.2d at 761.

Criminal defendants should be, and are, protected against such abuse: in every case, a defendant may object at sentencing if the government is violating a plea agreement. Error thus preserved is entitled to review under the Valencia standard. But when the defendant fails to object at sentencing, a different rubric applies. In Olano the Supreme Court emphasized that courts of appeals have only "circumscribed" authority to reach forfeited error. 507 U.S. at 731. A defendant who fails to object at sentencing may still obtain relief on appeal, but his burden is much greater. Here, Puckett fails to carry that burden, and we find no plain error warranting reversal.

## III.  Evidence of Subsequent Crimes

Puckett's third contention is that the district court erred when it found he had not accepted responsibility because of his subsequent criminal conduct. "Whether a defendant has accepted responsibility for a crime is a factual question and the standard of review is even more deferential than clear error." United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). Where a defendant has failed to withdraw from criminal conduct, the sentencing court may deny a reduction for acceptance of responsibility. U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(b); United States v. Franks, 46 F.3d 402, 406 (5th Cir. 1995).

As detailed in the addendum to the PSR, Puckett admitted to a probation officer that he helped another inmate defraud the U.S. Postal Service while this prosecution was pending. Puckett now argues his participation in criminal activity was not proved beyond a reasonable doubt and was evidenced only by hearsay. This objection fails for several reasons. First, the district court's factual determinations at sentencing are subject only to a preponderance of the evidence standard, not proof beyond a reasonable doubt. United States v. Partida, 385 F.3d 546, 565 (5th Cir. 2004). Second, Puckett's statements to the probation officer are not hearsay. Third, the sentencing judge is entitled to consider any relevant evidence, including uncorroborated hearsay, if the

information has "sufficient indicia of reliability to support its probable accuracy." United States v. Slaughter, 238 F.3d 580, 585 (5th Cir. 2001) (internal quotations omitted). At sentencing Puckett produced no evidence to rebut the facts in the PSR; he did not deny his involvement in the crime or his confession to the probation officer; and he did not show that the probation officer's statements were "materially untrue or unreliable." See Slaughter, 238 F.3d at 585. The court did not err on this point.

IV.    Ineffective Assistance of Counsel

Finally, Puckett complains that the district court denied his claim for ineffective assistance of counsel without a hearing. A claim of ineffective assistance of counsel is reviewable on direct appeal only when it was raised before the district court and the record provides sufficient details for review. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). Puckett raised this claim below, and the district court addressed it on the merits. The record is adequately developed to permit review on direct appeal.

We review a district court's denial of hearing on a claim of ineffective assistance of counsel for abuse of discretion. United States v. Demik, 489 F.3d 644, 646 (5th Cir. 2007), cert. denied, 2007 WL 2982440 (U.S. Oct. 15, 2007) (No. 07-6487). Puckett's ineffective assistance claim itself presents a mixed question of law and fact; we review findings of fact for clear error and conclusions of law de novo. United States v. Fuchs, 467 F.3d 889, 910 (5th Cir.), cert. denied, 127 S. Ct. 1502 (2006). To establish ineffective assistance, Puckett must demonstrate that his attorney's performance fell below an objective standard of reasonableness, and that Puckett was prejudiced as a result. United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). In evaluating counsel's performance, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).

Under these standards, we find no reversible error in the district court's denial of Puckett's ineffective assistance of counsel claim. Puckett argued that his attorney failed to pursue possible defenses based on diminished capacity or mental defect. The record does not support this claim. Puckett's attorney filed numerous requests with the district court for neurological evaluations, transportation to those evaluations, and delays in sentencing so that examination results could be gathered and reviewed. The district court granted these requests, and sentencing was postponed almost two years beyond the date Puckett's brain tumor was removed. Ultimately, these examinations failed to produce evidence that would support a diminished capacity defense. Puckett has not identified any legitimate argument, legal or factual, that his attorney failed to pursue.

For similar reasons Puckett fails to show prejudice. He has not directed this court to any evidence that would support either a defense to the government's case or a finding of impaired capacity at the time of his guilty plea. Rather, the numerous reports on record confirm Puckett's mental competence. Doctor Gregory Smith found Puckett to have "excellent neurological functions," and expected him to "do quite well postoperatively with no expected residual neurologic defects." Likewise, the court-appointed psychologist, Randall Rattan, concluded Puckett had no mental defect that either would have rendered him unable to appreciate the wrongfulness of his offense, or might impair his ability to assist in his own defense. Doctor Susan Franks, who conducted a neuropsychological evaluation of Puckett, found no serious cognitive impairment either at the time of offense or prior to sentencing. These findings are consistent with the transcript of Puckett's re-arraignment, which shows that he was well aware of the nature of his offense and the consequences of his plea. Puckett makes no showing to support a finding of prejudice, and this in itself is adequate grounds for affirming the district court's decision. See Armstead v. Scott, 37 F.3d

14

202, 210 (5th Cir. 1994) ("A court need not address both components of the [ineffective assistance] inquiry if the defendant makes an insufficient showing on one.").

For the above reasons, the district court did not abuse its discretion in denying Puckett's ineffective assistance claim without a hearing. Nor is there any merit to Puckett's claim on appeal that his attorney was derelict for not hiring another expert to rebut Doctor Franks's report. Puckett has given the court no reason to believe that "just one more" evaluation would be any different from the numerous reports already on record, all of which conclude Puckett was not suffering from diminished mental capacity.

## CONCLUSION

For these reasons, the sentence and conviction of James Benjamin Puckett are AFFIRMED.