IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 06-20778
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY ANTUNEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CR-92-2

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Anthony Antunez appeals his sentence for one count of conspiracy to pos-
sess with intent to distribute methamphetamine and five counts of possession

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to distribute methamphetamine. He argues that the government breached the plea agreement by opposing his request for an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1.

This court recently clarified the standard of review governing whether an alleged breach of a plea agreement by the government warrants relief. See United States v. Puckett, 505 F.3d 377, 383-87 (5th Cir. 2007). Because Antunez failed to object to the government's statements in the district court, we review for plain error. See id. at 384. Under that standard of review, Antunez must show there is (1) an error; (2) that is clear or plain; (3) that affects his substantial rights. See id. He bears the burden of persuasion. See id. Where the three elements of plain error are present, this court will exercise its discretion to provide relief only where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The government argues that it only agreed not to oppose the adjustment in the event that Antunez accepted responsibility as contemplated by the sentencing guidelines. We reject that interpretation, because it would prevent the government from opposing the adjustment only where it believes it lacks a principled basis for so doing, thereby rendering the relevant provision of the plea agreement meaningless. See Cedyco Corp. v. PetroQuest Energy LLC, 497 F.3d 485, 490 (5th Cir. 2007) (rejecting interpretation that rendered contractual provision meaningless); Hentz v. Hargett, 71 F.3d 1169, 1173 (5th Cir. 1994) (construing plea agreement according to contractual principles). Because the government's arguments at sentencing were inconsistent with the parties' reasonable understanding of the plea agreement, the government breached the agreement. See United States v. Cerverizzo, 74 F.3d 629, 633 (5th Cir. 1996). Antunez has shown error that is clear. See Puckett, 505 F.3d at 384.

To show that his substantial rights were affected by the error, Antunez must show that the error "affected the outcome of the district court proceedings."

United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005) (internal quotation marks and citation omitted). "[I]f the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses." Id. (internal quotation marks and citation omitted). The probation officer, in the presentence report and the responses to Antunez's objections, recommended that Antunez be denied an acceptance of responsibility adjustment because he had tested positive for methamphetamine use while on bond. Because it is uncertain from the record whether the government's arguments affected the district court's decision to adopt the presentence report, Antunez has failed to satisfy the third element of the plain error test. See Puckett, 505 F.3d at 384; Mares, 402 F.3d at 521.

AFFIRMED.