IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30646
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERARDO MENDEZ RAMOS, also known as Tuto

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20084-3

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gerardo Mendez Ramos pleaded guilty to counts 1 and 3 of an indictment charging him with conspiring to possess and distribute cocaine and marijuana and conspiring to launder money and was sentenced to concurrent 210-month terms of imprisonment and to concurrent five-year periods of supervised release. Ramos gave timely notice of his appeal.

Ramos contends that he should be permitted to withdraw his guilty plea because of his attorney's ineffective assistance. Specifically, Ramos contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that counsel promised that charges against his wife and mother would be dismissed in exchange for his guilty plea and that counsel labored under a conflict of interest by also representing his wife and mother. The district court found, in ruling on Ramos's motion to withdraw the guilty plea, that Ramos's attorney had not promised Ramos anything beyond what was in the plea agreement. This finding was not clearly erroneous. See United States v. Puckett, 505 F.3d 377, 387 (5th Cir. 2007). Ramos has not shown that his attorney rendered professionally unreasonable assistance in advising him about the terms of the plea agreement. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Nor has he shown that his attorney labored under an actual conflict of interest. See United States v. Culverhouse, 507 F.3d 888, 892-93 (5th Cir. 2007).

Ramos contends that the district court erred in failing to clarify at the rearraignment that a change in the stipulated drug amount from 150 kilograms of cocaine to 100 kilograms of cocaine applied to his codefendant only. The record reflects that Ramos understood that he was pleading guilty to the 150-kilogram quantity and Ramos does not contend that the district court's omission affected his willingness to plead guilty. The error, if any, did not affect Ramos's substantial rights and was harmless. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).

AFFIRMED