IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-40661
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DELVIN DEMON MOORE, also known as Boo Man

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-542-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Delvin Demon Moore appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine. Moore argues that the district court rejected his plea agreement by not awarding him credit for acceptance of responsibility even though the government agreed in the plea agreement to recommend that he receive such credit. Because the plea agreement also contained an agreement that the government would dismiss the remaining charges against him, he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintains that the district court's alleged rejection of the plea agreement was erroneous under FED. R. CRIM. P. 11(c)(5). He additionally asserts that the district court should have allowed him to withdraw his guilty plea because the government breached the plea agreement by not recommending that he receive credit for acceptance of responsibility. The government argues that Moore's appeal is barred by the appeal waiver in the plea agreement.

Although a defendant may validly waive his right to appeal, see United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992), the claims raised by Moore in this appeal are not barred by his appeal waiver. If, as Moore insists, the district court rejected the plea agreement, the appeal waiver would not be enforceable. See United States v. Keresztury, 293 F.3d 750, 756-57 (5th Cir. 2002). An appeal waiver also does not prevent us from considering claims that the government breached a plea agreement. Id.; United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000).

Moore did not argue in the district court that the court rejected the plea agreement or that the government breached the plea agreement. Accordingly, we review his claims for plain error. See United States v. Puckett, 505 F.3d 377, 383-86 (5th Cir. 2007), petition for cert. filed (Mar. 3, 2008) (No. 07-9712). To demonstrate plain error, Moore must show error that was plain and that affected his substantial rights. See United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004). If Moore can meet those criteria, we have "the discretion to correct the forfeited error but should do so only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The portion of the plea agreement in which the government agreed to recommend that Moore be given credit for acceptance of responsibility was explicitly made pursuant to FED. R. CRIM. P. 11(c)(1)(B) and was not binding on the court. The record contains no indication that the district court rejected the

plea agreement.[1]  Moore has not shown that the district court committed error, plain or otherwise, by rejecting the plea agreement and refusing to allow him to withdraw his guilty plea.

The government's agreement to recommend that Moore be given credit for acceptance of responsibility was explicitly conditioned on Moore's giving a truthful debriefing to probation officers and giving truthful testimony at sentencing.  The statements made by Moore during debriefing and the testimony Moore gave at sentencing were contradicted by five government witnesses at sentencing.  Moore does not challenge the conclusion of the government and the district court that he committed perjury.  As Moore did not perform the condition required for the government to make the recommendation that he receive credit for acceptance of responsibility, he has not shown that the government breached the plea agreement.  See United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002) (holding that defendant must show that government's conduct was not consistent with parties' reasonable understanding of plea agreement to show breach).  Furthermore, even if the government had breached the plea agreement by not recommending that Moore receive credit for acceptance of responsibility, Moore has not shown that this affected his substantial rights.  The district court summarily rejected Moore's request for credit for acceptance of responsibility on the basis that Moore had not accepted responsibility, and there is no indication in the record that a recommendation by the government would have changed that ruling.  Additionally, Moore received an enhancement for obstruction of justice, and credit for acceptance of responsibility is not normally given if that enhancement is applied.  See U.S.S.G. § 3E1.1, comment. (n.4).  Moore has not shown that he was prejudiced by the government's failure to recommend that he

---

[1] The district court has not yet dismissed the remaining charges against Moore, but we need not remand this case to that court to do so, as the district court retains jurisdiction to dismiss those charges.  See United States v. Prudhome, 13 F.3d 147, 150 n.13 (5th Cir. 1994).

be given credit for acceptance of responsibility and, therefore, has not shown plain error.  See Puckett, 505 F.3d at 386.

AFFIRMED.