# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51121
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ALFREDO SIFUENTES-SANDOVAL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1421-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Sifuentes-Sandoval (Sifuentes) appeals his 240-month sentence following his guilty plea conviction for conspiring to smuggle aliens resulting in death. In his written plea agreement, Sifuentes waived his right to appeal his sentence "on any ground" except on certain grounds not raised here. The Government seeks to enforce the waiver.

Sifuentes argues that the waiver is unenforceable because the Government breached his plea agreement by objecting to the presentence report and arguing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for numerous sentencing enhancements. Because Sifuentes did not object in the district court to a breach of the plea agreement, this issue is reviewed for plain error only. See United States v. Puckett, 505 F.3d 377, 384 (5th Cir. 2007), petition for cert. filed (Mar. 3, 2008) (No. 07-9712). When analyzing a claim that a plea agreement has been breached, we consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." United States v. Lewis, 476 F.3d 369, 387-88 (5th Cir.) (quotation marks and citation omitted), cert. denied, 127 S. Ct. 2893 (2007).

Although the parties agreed that certain guideline provisions "shall be consulted and taken into account," the Government reserved its rights to present and dispute sentencing facts and factors. Sifuentes's interpretation of the plea agreement as precluding the Government from arguing that other guideline provisions should be applied is unreasonable. He has failed to establish a breach of the plea agreement that is plain, obvious, or affected his substantial rights.

Sifuentes does not argue that the appeal waiver was unknowing or involuntary, and under the plain language of the plea agreement, the waiver applies to the circumstances at hand. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). Accordingly, Sifuentes's appeal waiver bars review of his sentence.

AFFIRMED.