# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2011

No. 10-50505
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS CHRISTIAN LEON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-458-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Christian Leon challenges his jury-trial conviction for possession, with intent to distribute, more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841. Leon asserts, for the first time on appeal, that the district court erred by not declaring a mistrial *sua sponte* after being advised by Leon's attorney that a juror briefly saw defendant in custody of United States Marshals. On questioning by the district judge, that juror admitted telling the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other jurors about the incident. That juror, with the agreement of Leon's attorney, was replaced with an alternate juror.

Leon contends the conduct by the replaced juror constituted improper jury contact. Because Leon did *not* object to the replacement of that juror, and instead agreed to it, his claim is arguably waived. *United States v. L'Hoste*, 609 F.2d 796, 801 n.4 (5th Cir. 1980) (finding waiver of objection to alternate juror where defendant did not object to selection of alternate during voir dire). Even if he did not waive his claim, it fails under plain-error review. *United States v. Puckett*, 505 F.3d 377, 384 (5th Cir. 2007) (noting that plain-error review applies to forfeited errors).

Under plain-error review, defendant must show a clear or obvious error that affected his substantial rights. *Id.* Even if that showing is made, relief is discretionary, and should be exercised only when the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted).

The juror's brief and inadvertent sighting of defendant in custody of United States Marshals, and the communication of this observation with the other jurors, is not so inherently prejudicial as to require a mistrial. The juror stated she did not see defendant in handcuffs. Further, Leon has made no showing of actual prejudice. *See, e.g.*, *United States v. Daniel*, 813 F.2d 661, 664 (5th Cir. 1987) (finding no prejudice in the fleeting exposure to juror of defendant in handcuffs); *United States v. Escobar*, 674 F.2d 469, 479-80 (5th Cir. 1982) (finding no prejudice where defendant, seen by juror during routine security measures, failed to request either examination of jurors or a cautionary instruction).

AFFIRMED.