# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10510
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS GABRIEL MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-230-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jesus Gabriel Martinez appeals following his guilty plea to being an alien illegally present in the United States after having been deported. He argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. Martinez submitted the motion to withdraw his plea prior to sentencing but after the district court accepted the plea.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10510

There is no absolute right to withdraw a guilty plea. *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). Under Federal Rule of Criminal Procedure 11(d)(2)(B), withdrawal of a guilty plea may be permitted after acceptance of the plea but before sentencing if a defendant meets his burden of showing a "fair and just reason for requesting the withdrawal." *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007).

The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *United States v. Urias-Marufo*, 744 F.3d 361, 364 (5th Cir. 2014). In determining whether a district court has abused its discretion in denying withdrawal, this court traditionally employs the seven factor test set out in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), considering whether or not (1) the defendant has asserted his innocence; (2) the Government would suffer prejudice if the motion were granted; (3) the defendant has delayed in filing his motion; (4) the withdrawal would substantially inconvenience the court; (5) the defendant received the close assistance of counsel; (6) the original plea was knowing and voluntary; and (7) the withdrawal would waste judicial resources. *Urias-Marufo*, 744 F.3d at 364. These factors are not exclusive, and, ultimately, this court makes its determination based on the totality of the circumstances. *Id*.

"[A] defendant cannot fail to invoke any of the *Carr* factors in support of his motion and then argue that the district court abused its discretion by failing to consider arguments that he had the burden to raise." *United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007) (internal quotation marks and citation omitted). Martinez raised only the innocence factor in support of his motion to withdraw his guilty plea. However, we note that several of the *Carr* factors that were not raised in the district court also support affirmance of the court's ruling.

No. 13-10510

Martinez's assertion of "innocence" consisted solely of his contention that the underlying deportation proceedings were possibly either technically invalid or procedurally flawed. Neither he nor his counsel offered a concrete basis upon which the district court could have concluded that Martinez could have successfully collaterally attacked the prior order of removal. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832-34 (5th Cir. 2003) (noting that where an illegal reentry defendant seeks to withdraw a guilty plea in order to pursue a collateral attack on the underlying deportation order, he must show a reasonable likelihood that he would have been granted such relief). Nor does Martinez offer such a basis on appeal. Because he has offered nothing more than mere speculation that he might have obtained relief from the prior deportation order, Martinez's assertion of innocence does not show that the district court abused its discretion by denying the motion to withdraw the plea. *See Urias-Marufo*, 744 F.3d at 364; *Mendoza-Mata*, 322 F.3d at 834.

As to the remaining *Carr* factors, we note that the Government urged the district court not to allow Martinez to withdraw his plea and to proceed with sentencing. We also note that Martinez delayed in filing his motion until after the preparation of the presentence report, which expended judicial resources. Martinez does not challenge the integrity of the guilty plea proceedings, and he acknowledges that he was represented by counsel before and after the plea. *See Urias-Marufo*, 744 F.3d at 364. Finally, we reject Martinez's newly raised assertion that the district court applied an incorrect analysis in evaluating his motion. Martinez has not demonstrated error, plain or otherwise, in the district court's methodology. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008); *Washington*, 480 F.3d at 317; *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

AFFIRMED.