# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30350
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AUGUST J. PHELPS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-4-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant August J. Phelps appeals the 16-month above-guidelines sentence imposed in connection with his conviction for obstruction of correspondence. Phelps contends that the district court erred in denying a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He also argues that his sentence is substantively unreasonable as an upward departure or an upward variance because the district court gave too much

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weight to stale misdemeanor convictions. Though Phelps pleaded guilty pursuant to a plea agreement containing a waiver of appeal, the government does not seek enforcement of the appeal waiver. Thus, the waiver is not binding, and Phelps is not prevented from bringing this appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Section 3E1.1(a) of the Sentencing Guidelines directs the sentencing court to reduce a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). However, if a defendant fails to withdraw from criminal conduct or associations, the court may deny a reduction for acceptance of responsibility. § 3E1.1, comment. (n.1(b)); *United States v. Puckett*, 505 F.3d 377, 387 (5th Cir. 2007).

The presentence report recommended against a reduction under § 3E1.1 based on information that Phelps violated the conditions of his pretrial supervision by receiving a misdemeanor summons for theft, failing to notify pretrial services of his contact with law enforcement, and failing to participate in substance abuse treatment. Additionally, Phelps made no attempt to communicate with his pretrial services officer, and when the officer was finally able to speak with Phelps, Phelps admitted that he had relapsed on illegal narcotics. Phelps made no argument and presented no evidence to dispute these allegations. Because the record supported the conclusion that Phelps had not withdrawn from criminal conduct, the district court's denial of a reduction for acceptance of responsibility was not without foundation. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

We review Phelps's challenge to the substantive reasonableness of a sentence for abuse of discretion. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2015). Phelps fails to show that the above-guidelines sentence is

No. 16-30350

unreasonable, either as a departure under U.S.S.G. § 4A1.3 or as a variance outside the guidelines system under 18 U.S.C. § 3553(a). *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). When imposing Phelps's sentence, the district court assessed the facts and provided specific reasons consistent with the § 3553(a) factors to support its determination that a sentence outside of the guidelines range was necessary to achieve the goals of sentencing. The district court noted that only one of Phelps's prior convictions was counted in calculating his criminal history category. Further, Phelps had four bench warrants at the time of his arrest. Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Phelps fails to show that the district court erred in imposing his 16-month above-guidelines sentence. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400-01 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.