# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2018

Lyle W. Cayce
Clerk

No. 17-50522
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMIE CARRILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-164-1

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jamie Carrillo appeals the 100-month sentence imposed following his conviction for being a felon in possession of a firearm. He contends that the district court erred in denying him a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 on the basis that he possessed marijuana in jail prior to sentencing. Specifically, Carrillo maintains that his "possession of marijuana was not proven by a preponderance of the evidence because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence presented demonstrated the marijuana was found in a shared area, where multiple detainees were housed and had access." In the alternative, he argues that his possession of marijuana alone is insufficient to justify denying the acceptance of responsibility reduction given that his other behavior supported the reduction.

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error," a determination whether a defendant is entitled to a reduction for acceptance of responsibility under § 3E1.1 is reviewed "with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). We will affirm the district court's decision not to grant a defendant a reduction for acceptance of responsibility unless that decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

In determining whether a reduction under § 3E1.1 applies, the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." § 3E1.1, comment. (n.1(B)). The district court's decision to deny Carrillo a § 3E1.1 reduction was not without foundation, as it was based on the plausible finding that Carrillo possessed marijuana in jail prior to sentencing. *See Juarez-Duarte*, 513 F.3d at 208, 211; *Buchanan*, 485 F.3d at 287. Moreover, this court has repeatedly held that a district court may conclude that no reduction is justified solely because the defendant engaged in other unlawful conduct beyond the offense of conviction. *See, e.g., United States v. Puckett*, 505 F.3d 377, 387 (5th Cir. 2007); *United States v. Watkins*, 911 F.2d 983, 984-85 (5th Cir. 1990).

Accordingly, the judgment of the district court is AFFIRMED.