# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 21-50648
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MAURICE DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-143-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Maurice Davis appeals his conviction and sentence following a bench trial on stipulated facts in which he was convicted of being a felon in possession of a firearm. The firearm for the possession of which Davis was convicted was found during a search of his trailer. Davis

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contends that the district court erred in denying his motion to suppress the firearm. He explains that information obtained during a warrantless search of his trailer was used to obtain a search warrant and that the firearm was found during the search pursuant to that warrant.

Davis contends that the search was not justified by exigent circumstances because those circumstances were created by the government. The district court determined that there were exigent circumstances and that the police did not create the exigency by engaging in or threatening to engage in conduct that violated the Fourth Amendment. *See Kentucky v. King*, 563 U.S. 452, 460-64 (2011).

When a district court denies a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Daniels*, 930 F.3d 393, 400 (5th Cir. 2019). We review the evidence in the light most favorable to the prevailing party, here the Government. *United States v. Gibbs*, 421 F.3d 352, 356-57 (5th Cir. 2005). Factual findings are not clearly erroneous as long as they are plausible in light of the record as a whole. *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010).

The district court's conclusion that exigent circumstances were present is not clearly erroneous. *See Daniels*, 930 F.3d at 401-02; *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011). The evidence presented does not require a holding that the officers acted unreasonably or that they created the exigency by violating Davis's Fourth Amendment rights. *See Daniels*, 930 F.3d at 401-02; *see also King*, 563 U.S. at 466-67; *Aguirre*, 664 F.3d at 611 n.13. We defer to the district court's factual findings.

Davis next asserts that the district court erred in overruling his objection to the lack of an adjustment in his sentencing guidelines offense level for acceptance of responsibility. The adjustment was not made because a cellphone was found concealed in Davis's bunk in his cell. Davis asserts that

there was insufficient evidence to show that he possessed the cellphone. He further contends that the adjustment is still appropriate even if he did possess the cellphone.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). "Findings are not clearly erroneous if they are plausible based on the record as a whole." *Id.* "[D]eterminations regarding whether [a] defendant is entitled to a reduction for acceptance of responsibility are reviewed with particular deference. [We] will affirm the denial of a reduction for acceptance of responsibility unless it is 'without foundation, a standard of review more deferential than the clearly erroneous standard.'" *Id.* (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008)). The district court's conclusion that Davis possessed the cellphone found in his bunk was plausible. *See id.*

One factor to be considered in determining whether a defendant should receive the advocated adjustment is whether he has voluntarily terminated or withdrawn from criminal conduct or associations. U.S.S.G. § 3E1.1, cmt. n.1(B). Possession of the cellphone was a legal violation. 18 U.S.C. § 1791(a)(2) & (d)(1)(F). The district court did not clearly err in determining that Davis had not accepted responsibility. *See United States v. Puckett*, 505 F.3d 377, 387 (5th Cir. 2007).

AFFIRMED.