FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGELIO RUIZ-VELGARA,

Defendant - Appellant.

No. 08-3173
(D. Ct. No. 5:07-CR-40151-SAC-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

The Defendant-Appellant challenges the length of his forty-one month

sentence for illegal re-entry by a deported alien.  Mr. Ruiz-Velgara pleaded guilty

to the charge without a plea agreement.  The district court then sentenced him to

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

forty-one months' imprisonment, at the bottom of the applicable Guidelines range. On appeal, Mr. Ruiz-Velgara challenges only the procedural reasonableness of the sentence. Because the district judge adequately explained the sentence, we AFFIRM the forty-one month sentence.

## I. BACKGROUND

In November 2007, ICE agents took Mr. Ruiz-Velgara into custody after he had been arrested in Topeka, Kansas. Officials then discovered that Mr. Ruiz-Velgara was in the United States illegally, having previously been deported. He was convicted in 2000 of possession of marijuana with intent to distribute, an aggravated felony. He was deported to Mexico in 2002 and re-entered the United States illegally in 2005. Mr. Ruiz-Velgara pleaded guilty to illegal re-entry by a deported alien. *See* 8 U.S.C. § 1326(a).

At sentencing, Mr. Ruiz-Velgara did not challenge the calculation of the applicable Guidelines range, forty-one to fifty-one months. Mr. Ruiz-Velgara instead argued for a downward variance to a thirty-month sentence. He asserted that the sixteen-month enhancement—taking his offense level from 8 to 24—for his prior drug conviction overstated the severity of the prior crime. He also argued that because Kansas does not have a "fast-track program" that would potentially have reduced his sentence, the forty-one month sentence created an unwarranted sentencing disparity between him and defendants in jurisdictions that utilize fast-track programs.

The district judge went into great detail in explaining the sentence, but touched only briefly on the fast-track argument. In explaining the sentence, the judge first explained the Guidelines calculation. He then stated that he had considered the parties' statements and the factors listed in 18 U.S.C. § 3553(a). The judge noted Mr. Ruiz-Velgara's previous conviction and recent arrest for domestic battery. He considered and rejected Mr. Ruiz-Velgara's argument that the sixteen-level enhancement represented unfair double-counting. He noted the "serious risk" of a defendant with this criminal history returning illegally to the United States, as well as Mr. Ruiz-Velgara's "lack of respect for the laws of this country."

Regarding Mr. Ruiz-Velgara's argument that fast-track programs in other jurisdictions lead to a sentencing disparity, the judge said, "Notwithstanding the defendant's position over what he calls an unwarranted disparity with fast track jurisdictions, the Court believes the seriousness of the defendant's offense and the need to protect the public fully warrant a sentence at the low end of the guideline range of 41 months."

On appeal, Mr. Ruiz-Velgara asserts that his sentence is procedurally unreasonable because the district court did not adequately address his fast-track argument. Mr. Ruiz-Velgara does not challenge any of the district court's substantive conclusions, either its acceptance of the sixteen-level enhancement or its decision not to vary based on fast-track programs in other jurisdictions.

## II. DISCUSSION

Mr. Ruiz-Velgara's argument fails because it is based on the inaccurate notion that the district court must fully address all of a defendant's arguments for a lower sentence. His argument is based on language from our decision in *United States v. Hall*, 473 F.3d 1295 (10th Cir. 2007). We wrote that "when a district court fails to consider a defendant's non-frivolous argument that a variance from the Guidelines is warranted under § 3553(a) . . . the failure renders the sentence procedurally unreasonable such that resentencing is required." *Id.* at 1314. The district court's brief reference to the fast-track argument, Mr. Ruiz-Velgara asserts, did not adequately address the argument.

Mr. Ruiz-Velgara then explained why the court should find that fast-track programs in other jurisdictions create unwarranted sentencing disparities. Essentially, that argument is substantive. Presumably, Mr. Ruiz-Velgara makes that argument to demonstrate that his previous argument was not "frivolous," tracking the language in *Hall*.

First, it is worth noting that *Hall* vacated a sentence that was outside the recommended Guidelines range. *Id.* at 1313–14. By the terms of the sentencing statute, district courts are required to give more specific explanations of the reasons for imposing sentence outside than for imposing a sentence within the recommended Guidelines ranges. Title 18 U.S.C. § 3553(c) requires the district court, in all cases, to state the "reasons for its imposition of the particular

sentence," but if the court imposes a sentence outside the Guidelines range, the statute requires the court to provide "the specific reason for the imposition of a sentence different from [the Guidelines range]," 18 U.S.C. § 3553(c)(2). *Hall* is therefore distinguishable from this case, in which the district court sentenced Mr. Ruiz-Velgara within the Guidelines. However, *Hall* cites *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), in which this court did vacate a within-Guidelines sentence. *Id.* at 1118. We discuss briefly how our case law has evolved since *Sanchez-Juarez*.

In February 2007, we stated that when a district court sentences a defendant within the Guidelines range, "Section 3553(c) requires the court to provide only a general statement of the reasons for its imposition of the particular sentence." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (quotations omitted). In March 2007, we rejected the notion that *Sanchez-Juarez* requires judges to address "each and every argument for leniency." *United States v. Jarrillo-Luna*, 478 F.3d 1226, 1229 (10th Cir. 2007). We held that the sentencing judge merely "must somehow indicate that he or she did not rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the statutory factors." *Id.* at 1230 (quotations omitted).

In June 2007, the Supreme Court addressed sentencing issues in *Rita v. United States*, 127 S. Ct. 2456 (2007). The Court wrote that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not

necessarily require lengthy explanation." *Id.* at 2468. The Court said that a judge would "normally" address nonfrivolous arguments for a different sentence, *id.*, but the Court did not require such a response.

Subsequently, we held that "[a] court's brief explanation for a Guidelines sentence may be sufficient when the context and the record clearly show that the court listened to and considered the evidence and the arguments." *United States v. Hamilton*, 510 F.3d 1209, 1218 (10th Cir. 2007). In another case we wrote that, despite the district court's failure to address the defendant's request for a departure, "its citation of the PSR's calculation method and recitation of the suggested imprisonment range amply fulfilled § 3553(c)'s requirement of a general statement noting the appropriate guideline range and how it was calculated." *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1217 (10th Cir. 2007) (quotations omitted).

In this case, the district court's explanation easily cleared the bar set by our precedent. The district judge did everything done by the judge in *Cereceres-Zavala*, and much more. Like the judge in *Cereceres-Zavala*, the judge discussed the PSR calculation and the suggested imprisonment range. In addition, he discussed Mr. Ruiz-Velgara's previous conviction and arrest; he discussed Mr. Ruiz-Velgara's disregard for the law; he discussed whether Mr. Ruiz-Velgara's criminal history score was fair; and he mentioned the § 3553(a) factors three times. Though not required to do so by our precedent, the judge fully addressed

one of Mr. Ruiz-Velgara's arguments for a variance, the sixteen-level enhancement. The judge even made reference to the argument that Mr. Ruiz-Velgara claims he failed to address—the alleged disparity based on fast-track programs.

Clearly, the district court did everything required of it and more. We therefore reject Mr. Ruiz-Velgara's contention that the sentence was procedurally unreasonable. Because Mr. Ruiz-Velgara has made no claim that the sentence was substantively unreasonable, we need not consider whether fast-track programs in other jurisdictions create unwarranted disparities in sentencing.

## III. CONCLUSION

The district court adequately explained its reasons for sentencing Mr. Ruiz-Velgara to forty-one months' imprisonment. We therefore reject Mr. Ruiz-Velgara's argument that his sentence was procedurally unreasonable, and we AFFIRM the sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge