**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2012

No. 11-30521

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSEPH MATTHEW EVANS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana, Shreveport Division
USDC No. 10-00168

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Joseph Matthew Evans ("Evans") pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. The district court imposed a nonguidelines sentence of 60 months of imprisonment. Evans appeals his sentence, arguing that the district court erred: (1) by finding that he had obstructed the administration of justice under U.S.S.G. § 3C1.1; (2) by denying him a reduction in his offense level based on his acceptance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30521

responsibility under U.S.S.G. § 3E1.1; and (3) by imposing an unreasonable sentence. We AFFIRM.

## I.     BACKGROUND

Evans was indicted for three counts of bank fraud, nine counts of wire fraud, and one count of access device fraud. The charges related to Evans's writing worthless checks to two banks, defrauding an electronic payment processor of debit and credit cards, and using an access device without authorization and with the intent to defraud. As part of the scheme, Evans, doing business as Evans Consolidated Industries (ECI), obtained an account with Elavon, an electronic payment processor of debit and credit cards, by representing that ECI was a retail business that sold miscellaneous oil company parts and accessories. Evans then processed non-existent sales using invalid credit cards. After his account was put in collection due to unpaid processing fees, Evans claimed that he had to change ECI's bank accounts due to a break-in at their office. The funds were not repaid and ECI's account was closed. About two months later, Evans obtained a new merchant account from Elavon by providing different bank information. He then submitted fraudulent payment requests using valid credit card information. When most of these charges were disputed, Elavon lost $38,609.29 because ECI's designated bank account did not have funds to satisfy these chargebacks.

Evans was originally released on bond, but the government moved to revoke his bond due to his commission of new criminal conduct. Evans had executed a contract to purchase a house in Bossier City, Louisiana, for $359,000. Evans represented that he had cash available to close the sale and produced a fraudulent proof of funds document purportedly from Bank of Nova Scotia. Prior to and on the day of closing, Evans continued to represent that he had sufficient funds to purchase the house, stating that the funds had been wired to another bank, which had placed a hold on the funds, but that the funds had cleared and

2

No. 11-30521

he would deliver a certified cashier's check at closing. He did not deliver such a check, and the title company and seller withdrew from the deal. The government also noted in the motion to revoke that Evans had not complied with the court's order to pay $1,000 a month to help defray the cost of his appointed attorney. The district court granted the government's motion to revoke bond and also granted the government's motion for a psychiatric exam of Evans to determine whether he was competent to proceed to trial in light of his refusal to meet with his attorney and to participate in his defense. Evans was determined competent to stand trial.

Thereafter, Evans pleaded guilty to count 10 of the indictment, which charged him with wire fraud in the amount of $18,500 for one of the fraudulent credit card charges made through Elavon. As part of the plea agreement, the government stated that it was moving, pursuant to U.S.S.G. § 3E1.1(b), for an extra one-point reduction in Evans's offense level—if the district court calculated it at 16 levels or greater—due to his assistance to authorities in the investigation by timely notifying them of his intention to enter a guilty plea. The government also agreed to dismiss the remaining 12 counts of the indictment.

The Presentence Report (PSR) recommended an adjustment for obstruction of justice based on Evans's providing false information to the probation officer during the presentence interview. According to the probation officer, Evans stated that, through ECI, he was in the process of obtaining a $20 million contract from Globalstar, an international telecommunications company. Evans originally indicated that he was involved in developing satellite technology for this company, but when questioned regarding his lack of background in such technology, he indicated that the contract was to construct buildings in India and other countries to house telecommunications equipment. Evans admitted that he had no background as a general contractor, but stated that he was in the process of obtaining a contractor's license. The probation

3

No. 11-30521

officer contacted Marty Nielsen, a representative of Globalstar, who verified that he had contact with Evans via telephone and e-mails, but stated that no contract had been discussed or agreed upon. The representative indicated that Evans had sought a 1%-2% security fee for the construction project to begin.

While Evans was free on bond, he also attempted to acquire a $10 million Cessna Citation Xjet. During the negotiations for this transaction, Evans provided a fraudulent balance confirmation notice from Wachovia Bank representing that he had over $98 million available for immediate use. Evans told the probation officer that he intended to use funds from the contract with Globalstar to facilitate the purchases of the house and aircraft. However, the probation officer noted that, in light of the fact that there was no such contract, Evans should have known that he did not have access to funds that would have enabled him to purchase either the house or the jet. This representation and the representation that Evans was in the process of obtaining a $20 million contract were the two false statements on which the probation officer relied in recommending the enhancement for obstruction of justice.

Further, the probation officer found that Evans did not qualify for a downward adjustment for acceptance of responsibility because he had not voluntarily terminated or withdrawn from criminal conduct. Given a base offense level of seven, an upward adjustment of six levels based on the amount of loss attributable to Evans ($48,090.05), and a two-level increase for obstruction of justice, Evans's base offense level was 15. Evans had zero criminal history points, which placed him in criminal history category I. This resulted in an advisory guidelines range of 18-24 months of imprisonment. The statutory maximum was 30 years. 18 U.S.C. § 1343.

Evans filed objections to the PSR, arguing that the adjustment for obstruction of justice was not warranted because the information Evans provided regarding the contract was not false or material. Evans also argued that he

should receive the adjustment for acceptance of responsibility because he did not engage in criminal conduct in violation of his plea agreement, and he timely notified the government of his intent to plead guilty.  In response to Evans's objections, the government wrote in support of the PSR and stated that a nonguidelines sentence was warranted under 18 U.S.C. § 3553(a).  The district court overruled the objections, noting that Evans had tried to purchase the house and the jet while he was out on bond and that he had initiated contact with Globalstar regarding a $20 million contract when he did not have the background, the equipment, or the means to provide such services.  The court found that Evans had continued to engage in criminal activity after being indicted and released on bond and that this was inconsistent with the acceptance of responsibility.  After considering the factors in 18 U.S.C. § 3553(a), the district court imposed a nonguidelines sentence of 60 months of imprisonment and five years of supervised release.  The court noted the lengths to which Evans had gone in stringing others along, including inventing people and financial documents, and stated that he exhibited "plain, simple crookedness."  Evans timely appealed.

II.    ANALYSIS

A.    Obstruction of Justice

Evans argues that the district court erred in finding that he obstructed justice under § 3C1.1. More specifically, the court ruled that Evans had provided the probation officer with materially false information during the presentence investigation. Whether the district court correctly interpreted § 3C1.1 is a legal question that is reviewed de novo, whereas the district court's finding that Evans obstructed justice is a factual finding that is reviewed for clear error. *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).  A factual finding is not clearly erroneous if it is plausible in light of the record as a whole.  *Id.*

No. 11-30521

Pursuant to § 3C1.1, a two-level increase in the defendant's offense level is warranted if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and this conduct related to his offense of conviction and any relevant conduct, or to a closely related offense. The commentary to § 3C1.1 specifically provides that such conduct includes "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." § 3C1.1, comment. (n.4(H)). However, the commentary excludes providing "incomplete or misleading information, not amounting to a material falsehood," with respect to a PSR. § 3C1.1, comment. (n.5(C)). "Material evidence" is defined as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." § 3C1.1, comment. (n.6). This Court has noted that there is a "low threshold of materiality" in this context. *United States v. Ahmed*, 324 F.3d 368, 373 (5th Cir. 2003).

During the presentence interview, Evans told the probation officer that his company was in the process of obtaining a $20 million contract with Globalstar, an international telecommunications company. Initially, Evans represented to the probation officer that "he was involved with the development of satellite technology" for Globalstar. However, after Evans admitted that he had no background in satellite technology, he changed his story and stated that the contract actually involved building multiple structures to house telecommunications equipment in India and other countries. Evans admitted that he had no experience working as a general contractor but claimed that he had recently begun the process of obtaining a contractor's license. Evans further told the probation officer that he had planned to use the proceeds from this

6

No. 11-30521

contract to pay for a house and an aircraft.[1]   After interviewing Evans, the probation officer contacted Marty Nielsen, a representative of Globalstar. Nielsen verified that he had communicated with Evans via telephone and email; however, no contract had been discussed.  Evans had requested a security fee to begin a construction project.  The probation officer's investigation "revealed that the defendant did not possess the means, equipment or ability to accomplish this project."   The probation officer concluded that Evans appeared to be "fraudulently soliciting funds for work he had no intention of completing."   The district court adopted the PSR.

Evans first contends that the government did not introduce any evidence supporting the adjustment and that the only evidence on which the district court

---

[1]     Here, the PSR provided that:

During the course of conducting the presentence interview in this case, the defendant obstructed justice by providing false information to the Probation Officer. This was pursuant to the defendant's continued assertion that he was in the process of obtaining a $20,000,000.00 contract from Globalstar, through his company, ECI., for the purpose of completing a construction project in India. Additionally, Globalstar is a telecommunications company, and the contract was reportedly secured for the purpose of constructing multiple buildings in India and other countries in order to house telecommunications equipment. Contact was subsequently made with a representative of Globalstar, Marty Nielsen, who verified that he had corresponded with the defendant via telephone and e-mails, but that no contract had been discussed or agreed upon between Globalstar and the defendant.

Furthermore, pursuant to the defendant's attempted acquisition of a $10,000,000.00 Cessna Citation X jet, in addition to the defendant's new conviction for Forgery on January 11, 2011, which involved the attempted purchase of a $359,000.00 house; the defendant has asserted to this officer that in both of these instances he had intended to utilize funds obtained from the reported $20,000,000.00 contract with Globalstar in order to facilitate these purchases. However, as noted above, the defendant had not obtained a multi-million dollar contract from Globalstar or any other company, and should have known that while attempting to make the above noted purchases that he did not have access to any funds which would have enabled the acquisition of a house or a Cessna jet.

7

relied in sentencing him was the PSR, which did not have sufficient indicia of reliability. This argument is without merit. "As a general rule, a PSR bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines." *Huerta*, 182 F.3d at 364. The district court may adopt the facts in the PSR if they have an adequate evidentiary basis and the defendant does not present rebuttal evidence. *Id.* Mere objections to the PSR are not competent rebuttal evidence. *Id.* A defendant bears the burden of demonstrating that the information in the PSR relied on by the district court is materially untrue. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). Although Evans objected to the conclusion in the PSR that he provided materially false information, he failed to provide any rebuttal evidence. Accordingly, the district court did not err in relying on the information in the PSR in determining that the obstruction of justice enhancement applied.

Evans contends that the information he provided the officer was neither false nor material. Instead, Evans asserted that he had simply made some poor business decisions. Both in his written objections filed below and in his appellate brief, Evans asserts that "[a]ny business decisions" he made "should not be equated to fraud." This assertion is puzzling in that Evans has pleaded guilty to wire fraud in the case at bar. Also, Evan has admitted to producing a fraudulent proof of funds document—purporting to originate from Bank of Nova Scotia—in an attempt to purchase a home. That conduct, which occurred while he was out on bond for the instant offense, underlies his conviction for "misdemeanor attempted felony theft" in state court. Further, Evans provided a fraudulent balance confirmation notice from Wachovia Bank, representing that

No. 11-30521

he had nearly $100,000,000 available in his account for immediate use in his attempt to purchase a jet.[2]

Nonetheless, Evans insists that he did not provide materially false information because he admitted to the officer that he had used a fraudulent document in an attempt to purchase the house and "explored the possibility of buying an airplane." Evans does not claim, however, that he admitted to the probation officer that he used a separate, fraudulent balance confirmation in his attempt to purchase the jet. Although Evans attempted to paint these transactions simply as poor business decisions, the district court rejected that attempt, stating as follows:

> It's whether somebody is providing materially false information to a probation officer in respect to a presentence investigation for the Court. That's what is before us at this minute because I find that he, in respect to the contracting [with Globalstar in] India to build $20 million worth of buildings, the contract or the attempt to contract to buy a $10 million jet aircraft, this is akin to what I used to think was called the Munchausen syndrome [sic]. He's telling this probation officer stuff that's simply not true. That obstructs the writing of the Presentence Report and the information given to the Court. And I think the two points is relatively well-suited to the circumstances of Mr. Evans.

The court then overruled Evans's objection, specifically pointing out the "Wachovia Bank false paper [that] said that the $98,336,441.69 . . . was available as a balance confirmation." Subsequently, the court stated that "five or six months after you were indicted, you were still involved in trying to hornswoggle your way into a contract for which you were neither qualified nor prepared."

Evans asserts that "[a]t most, an argument could be made that the defendant provided incomplete or misleading information to the probation

---

[2] At the time of the instant sentencing, Evans had not been prosecuted for that conduct.

officer," which does not qualify for an enhancement under the guidelines. § 3C1.1, comment. (n.5(C)). Contrary to Evans's assertion, as quoted above, the district court expressly recognized that § 3C1.1 requires that a defendant provide "materially false information to a probation officer." We understand the district court found that Evans made materially false representations to the probation officer regarding his attempt to purchase the aircraft. More specifically, Evans denies that he lied when he told the probation officer that he expected to pay for the jet from the proceeds of the $20 million construction contract with Globalstar. The district court did not believe Evans. Evans had no contract with Globalstar at the time he made an offer for the jet. Globalstar's representative stated that there had been no discussions involving a contract. Evans admitted that he had no background or experience in construction and that he did not have a contractor's license. There is no basis in the record for Evans to have had a legitimate belief that he could provide the services needed to obtain a $20 million contract with Globalstar. After reviewing the record, including the transcript of the sentencing hearing, we are convinced that the district court's factual finding "is plausible in light of the record as a whole." *Huerta*, 182 F.3d at 364. Thus, Evans has not shown that the district court's finding that Evans provided the probation officer with false information is clearly erroneous. *Id.*

We now turn to materiality. As previously set forth, a statement is material when, "if believed, [it] would tend to influence or affect the issue under determination." § 3C1.1, comment. (n.6). The government argues that Evans's misrepresentation regarding the contract was an attempt to mitigate or vitiate any claim of fraudulent conduct in connection with his attempts to purchase the jet and the house. We agree. The district court cited Evans's post-indictment fraudulent conduct as a "concern" when it imposed his sentence. Indeed, the court principally relied on this conduct in choosing the above-the-guidelines

sentence. It is clear that, had the district court believed Evans's statements that his conduct was not fraudulent, those statements would have tended to influence the district court's choice of sentence. We therefore conclude that Evans's lying about his post-indictment conduct was relevant to a determination of his sentence and thus material. *Cf. United States v. Tello*, 9 F.3d 1119, 1122-23 (5th Cir. 1993) (affirming obstruction of justice enhancement where the defendant omitted information regarding his prior criminal history); *see also United States v. Milton*, 147 F.3d 414, 422 (5th Cir. 1998) (affirming application of obstruction of justice enhancement where defendant failed to disclose significant assets to the probation officer). Accordingly, Evans has not shown that the district court clearly erred in applying the two-level enhancement for obstruction of justice.

### B.    Acceptance of Responsibility

Evans contends that the district court erred in denying him a reduction in his offense level based on his acceptance of responsibility under § 3E1.1. A defendant's offense level may be reduced by as many as three levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1. We review a determination of acceptance of responsibility with even greater deference than under a clearly erroneous standard; the district court's ruling on acceptance of responsibility "should not be disturbed unless it is without foundation." *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (internal citations and quotations omitted).

The district court denied the reduction because Evans continued committing fraud "while he was out on bond for this offense." More specifically, after Evans was indicted for the instant federal offense, he committed fraudulent conduct in an attempt to purchase a house. As a result, Evans pleaded guilty to theft in state court. During sentencing in the instant case, Evans objected to the PSR, arguing that he "refrain[ed] from criminal activity after entering into the

No. 11-30521

Plea Agreement, but he accepted responsibility for his criminal conduct in state court prior to entering into the Plea Agreement."

The commentary to § 3E1.1 provides that when determining whether a defendant qualifies for a reduction based on acceptance of responsibility, it is appropriate to consider whether there had been "voluntary termination or withdrawal from criminal conduct or associations." In denying the instant reduction, the district court found that Evans "hasn't stopped his criminal activity while he's . . . on this Court's bond. His acceptance of responsibility is totally inappropriate." Evans objected to the PSR's recommending denial of the reduction, arguing that he terminated his criminal conduct after he entered into the plea agreement. Evans clearly had not voluntarily terminated his criminal conduct because he committed fraud after being indicted for the instant offense. Indeed, Evan's criminal conduct only terminated once his bond was revoked, and he was returned to custody. Under these circumstances, the district court's decision to deny the reduction for acceptance of responsibility is not without foundation.[3]

Additionally, in the plea agreement, the government had moved for Evans to receive a one-point reduction in his offense level "should that offense level be 16 or greater" based on Evans's assisting the authorities in the investigation and his timely notifying the government of his intent to plead guilty. For the first time on appeal, Evans argues that the government breached the plea agreement because it argued against the reduction for acceptance of responsibility. Thus, this claim must be reviewed for plain error. *United States v. Puckett*, 505 F.3d 377, 386 (5th Cir. 2007). To show plain error, Evans must demonstrate:

---

[3] Moreover, conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, comment. (n.4). However, a defendant can receive adjustments under both §§ 3C1.1 and 3E1.1 in an "extraordinary" case. *Id.* Evans has not shown that this case is extraordinary.

12

(1) error; (2) that is plain; and (3) affects substantial rights. *Id.* at 384. If these "three elements of plain error are present, relief on appeal is discretionary, not mandatory. A court of appeals should exercise its discretion only when a plain error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted) (brackets in opinion).

The plea agreement contained only one reference to a reduction for acceptance of responsibility. As set forth above, the government had agreed to move for Evans to receive a one-point reduction in his offense level "should that offense level be 16 or greater." Because Evan's offense level was not 16 or greater, Evans has not shown any error was plain with respect to whether the government breached the plea agreement. Even assuming there was error that was plain, Evans "has made no showing that, absent the government's recommendation, the district court would have disregarded his criminal conduct and granted the reduction for acceptance of responsibility." *Puckett*, 505 F.3d at 386. Thus, he has not shown that his substantial rights were affected.

C.    Reasonableness of Sentence

Evans argues that the district court abused its discretion by imposing a 60-month sentence. The probation officer calculated a guideline range of 18 to 24 months. Evans asserts that even had the district court hypothetically given him three criminal history points for both his dealings with Globalstar and his attempt to buy an airplane, this would have put him in criminal history category III, and his guidelines range still would have been only 24-30 months. He contends that he has no prior criminal history, he has no history of the use or sale of illegal drugs, and he is educated and able to be rehabilitated. Based on his circumstances, Evans asserts that the length of his sentence is unreasonable.

The substantive reasonableness of a sentence is reviewed in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Key*, 599 F.3d 469,

475 (5th Cir. 2010); *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir. 2005). However, because Evans did not challenge the substantive reasonableness of the sentence after it was imposed, this issue is reviewable only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Here, the district court expressed concern regarding Evans's continuing deceptive and criminal behavior following his indictment on thirteen charges. The court also noted the extensive and inventive nature of Evans's deception. These considerations supported an above guidelines sentence based on the nature and circumstances of the offense and the offender's characteristics, as well as the need to protect the public, to provide a just punishment, to deter Evans from future criminal conduct, and to provide restitution to victims of the offense. *See* § 3553(a). The record demonstrates that the district court properly considered the § 3553(a) factors.[4]

Further, despite Evans's lack of criminal history, the district court was in the best position to judge the defendant and the circumstances of the offense, the court considered the appropriate sentencing factors, and it articulated reasons for the sentence imposed. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007) (recognizing the district court's superior position to make the § 3553(a)

---

[4] At the end of the sentencing hearing, the district court stated as follows:

I will adopt the findings of the Presentence Report, and pursuant to the Sentencing Reform Act of 1984, and particularly pursuant to the sentencing factors in [§] 3553(a) where the Court is required to consider to impose a sentence sufficient but not greater than necessary. And in particular, the Court will look at the kinds of sentencing available and the range established by the guidelines, but also an appreciation of the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect [the] seriousness of the offense, and provide a just punishment, promote respect for the law. It also adds: The need to a full, adequate deterrence, that is, deterrence of any future criminal conduct. The need to protect the public from further crimes of the defendant, and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, to avoid unwarranted sentencing disparities between you and the other guys that I have to sentence on similar subjects, and the need to provide restitution. All of these factors in [§] 3553(a) have been considered.

determination and holding that the fact that an appellate court might have imposed a different sentence is not sufficient to reverse the district court's decision).   Although Evans's sentence is two and a half times the guideline range, we have upheld more significant variances. *See, e.g.*, *United States v. Brantley*, 537 F.3d 347, 349–50  (5th Cir. 2008) (upholding an upward variance to 180 months from an advisory maximum of 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441–42 (5th Cir. 2006) (affirming an upward variance or departure to 120 months from a range of 46 to 57 months).  Evans has shown no error, plain or otherwise, with respect to the substantive reasonableness of his 60-month sentence.

III.   CONCLUSION

Accordingly, the district court's judgment is AFFIRMED.