FILED
United States Court of Appeals
Tenth Circuit

October 24, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

THOMAS GRIFFIN, JR.,

      Defendant-Appellant.

No. 12-3282

(D.C. No. 11-CR-10187-MLB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ, BALDOCK,** and **EBEL,** Circuit Judges.[**]
_____

Defendant Thomas Griffin pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Applying the 2011 Guidelines Manual, the presentence report (PSR) assigned him a total offense level of 16 and a criminal history category of III, yielding a Guideline sentencing range of 27–33 months. See U.S.S.G. § 5A. At sentencing, the district court varied upward and sentenced Defendant to 60 months' imprisonment. On appeal, Defendant argues his sentence is procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant acknowledged in his plea agreement that his codefendant, Jordan Smith, had burglarized residences and businesses and had purchased property knowing it was stolen. Defendant then helped Smith sell these items on Craigslist by (1) letting Smith use Defendant's phone number as a point of contact for prospective buyers and (2) serving as a conduit between Smith and the buyers. The PSR indicated Smith and Defendant's scheme involved approximately thirty residential burglaries, and some burglaries and thefts from cars and businesses. The PSR also noted items taken during the residential burglaries were later found at Defendant's residence.

The PSR also listed Defendant's criminal history, which included 19 prior convictions. Most of these convictions were for traffic or related violations. Three convictions were more serious. These included (1) a 2006 juvenile conviction for residential burglary when Defendant was fifteen, (2) a 2007 juvenile conviction for auto burglary, and (3) a 2009 adult conviction for petit theft of a lawnmower from the backyard of a residence. Defendant was still on probation for this 2009 conviction when he committed the instant offense. The PSR also listed numerous arrests not resulting in conviction, including charges for misdemeanor theft, possession of marijuana, cruelty to animals, and kidnapping. The PSR calculated a 27–33 month Guidelines sentencing range based on the nature of the wire fraud, Defendant's acceptance of responsibility, and his criminal history. The PSR also stated Defendant believed he was addicted to Alcohol and Lortab, a pain killer; however, he made no efforts to seek treatment for these addictions prior to sentencing.

Prior to sentencing, the district court filed a letter pursuant to Fed. R. Crim. Pro. 32(h) stating it was considering an upward variance from the Guidelines range. The court justified the possible variance based on a number of 18 U.S.C § 3553(a) factors. These included: (1) Defendant's criminal history, which indicated he was an individual undeterred from criminal activity not withstanding numerous run-ins with the law; (2) the need to protect the public from further crimes; and (3) Defendant's need for substance abuse counseling, combined with his lack of interest in participating in such counseling.

In response to the 32(h) letter, Defendant provided a memorandum stating he wished to postpone counseling until he went to prison because he was employed full-time and was taking care of his children and his sick mother. Defendant and two others also testified to these facts at his sentencing hearing. The court also reviewed letters submitted by Defendant's relatives and pastor stating he had turned his life around.

At sentencing, the court adopted its 32(h) letter and sentenced Defendant to 60 months' imprisonment plus two years of supervised release with a special condition that he attends a substance abuse program. The court stated: "[B]asically for the reasons set forth in my [32(h)] letter, I feel an upward variance is appropriate to meet the factors set forth in 18 U.S.C Section 3553. . . . I really don't have anything to add beyond what's in the letter." The court also made sure its 32(h) letter was docketed for review. Defendant did not object to the court's sentencing procedure. On appeal however, he now argues that his sentence is (1) procedurally unreasonable because the court failed to adequately explain its upward variance and (2) substantively unreasonable because the factors the court cited do not justify its upward variance. We address each argument in turn.

2

II.

Defendant argues the district court committed procedural error in four ways. According to Defendant, the court (1) failed to address his non-frivolous arguments for leniency; (2) based its decision on clearly-erroneous facts; (3) failed to adequately explain the chosen sentence; and (4) failed to consider one of the § 3553(a) factors, namely, avoiding unwarranted sentencing disparities under § 3553(a)(6). Defendant did not preserve these procedural challenges below. Accordingly, we review them only for plain error. United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012). Plain error requires that Defendant show: (1) error; that is (2) obvious under current well-settled law; (3) affected the Defendant's substantial rights; and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id.

A.

A sentencing court must "address, in its statement of reasons, the material, non-frivolous arguments made by the defendant." United States v. Pinson, 542 F.3d 822, 833 (10th Cir. 2008). The court need not, "recite 'any magic words' to demonstrate that it has considered all of the relevant arguments, but we will not 'presume the district court weighed a party's arguments in light of the § 3553(a) factors where the record provides *no* indication that it did so.'" Id. (quoting United States v. Sanchez-Juarez, 446 F.3d 1109, 1116 (10th Cir. 2006)) (emphasis added). Rather, when a defendant makes a non-frivolous argument for leniency, the court "must somehow indicate" it considered his arguments and did not rely solely on the PSR or the Guideline range. See United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007).

3

Defendant relies on Sanchez-Juarez to argue the district court failed to address his non-frivolous arguments for mitigation. This reliance is misplaced. In Sanchez-Juarez, the district court failed to address the defendant's non-frivolous arguments for leniency at all, and instead simply restated its reliance on the PSR and sentencing Guidelines when sentencing the defendant. Sanchez-Juarez, 446 F.3d at 1112. Here, the court specifically stated it had reviewed the witness testimony, the letters submitted by Defendant, and Defendant's sentencing memorandum. Further, in its 32(h) letter, it stated that it would not rely exclusively on the PSR. Thus, unlike Sanchez-Juarez, the court here committed no error, let alone plain error, as it gave *some* indication it had considered and then rejected Defendant's arguments for leniency.

### B.

Sentencing based on clearly erroneous facts constitutes procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). Defendant's only argument that the court relied on clearly erroneous facts appears in a footnote on page 17 of his opening brief. He argues the district court relied on a clearly erroneous fact when it did not retreat from the assertion in its 32(h) letter that Defendant was not interested in participating in substance abuse counseling. Defendant argues this is clearly erroneous in light of the evidence he submitted that shows he had not declined treatment, but instead wished to postpone it until he entered prison because he had no time to engage in such treatment.

Defendant was released on bond more than one year before sentencing. In that time, nothing in the record suggests he made any effort to find out how long a treatment program might last or the time commitment such a program might entail. Given the

4

absence of any effort on Defendant's part to even research treatment programs, the court's conclusion that he was not truly interested in substance abuse counseling was not clearly erroneous. Thus, the court did not err.

C.

Defendant cites an unreported case for the proposition that, "if the court imposes a sentence outside the Guidelines range, [18 U.S.C. § 3553(c)(2)] requires the court to provide 'the specific reason for the imposition of a sentence different from [the Guidelines range].'" United States v. Ruiz-Velgara, 302 F. App'x 765, 767 (10th Cir. 2008) (quoting 18 U.S.C. § 3553(c)(2)). "We have never held, however, that the district court must list the reasons why it could have chosen a different sentence and then explain why it rejected them." United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007) overruled on other grounds, United States v. Lopez-Macias, 661 F.3d 485 (10th Cir. 2011). Rather, under Gall, a sentencing explanation is adequate when it allows "for meaningful review" and "promote[s] the perception of fair sentencing." Gall, 552 U.S. at 50 (2007). "[A]lthough a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance." United States v. Smart, 518 F.3d 800, 807 (10th Cir. 2008) (emphasis in original). "Generally, when a sentence that varies from the advisory Guidelines range is nevertheless tethered to the Guidelines themselves by, taking into account, *e.g.,* criminal history, offense characteristics, and offense levels,

we . . . consider this a reasonable methodology." [1] <u>United States v. Hall</u>, 473 F.3d 1295, 1314 (10th Cir. 2007) (internal quotations omitted).

Here, the sentencing court tied its upward variance to the reasons in its 32(h) letter. This letter notes (1) Defendant's criminal history, which "strongly suggest[s] an individual who is undeterred from criminal activity notwithstanding his numerous contacts with the criminal justice system," (2) the need to protect the public, and (3) Defendant's need for substance abuse counseling. These reasons are tethered to the Guidelines themselves. <u>See</u> 18 U.S.C. § 3553(a). Thus, the court committed no error, here, as it provided at least three specific reasons for its upward variance which is sufficient explanation to allow for meaningful review of Defendant's sentence.

D.

Neither Defendant nor his counsel raised sentencing disparity before the district court. Thus, as with Defendant's other procedural error arguments, "we review this newly raised argument for plain error." <u>Gantt</u>, 679 F.3d at 1248. Defendant argues that, under <u>United States v. Lente</u>, 647 F.3d 1021 (10th Cir. 2011), he need not challenge the district court's failure to discuss sentencing disparities to preserve the issue for appeal. He also argues <u>Lente</u> mandates express consideration of sentencing disparity by the sentencing court whenever it varies upward. Defendant reads <u>Lente</u> too broadly. In <u>Lente</u>, the defendant "*devoted much of her briefing and argument*" before the district

---

[1] More explanation may be required in the context of an upward departure. <u>See</u> <u>United States v. Proffit</u>, 304 F.3d 1001, 1012 (10th Cir. 2002). Here, however, the court did not depart, but rather varied upward and tethered the reasons for its variance to the Guidelines themselves.

court to the need to avoid unwarranted sentencing disparities, yet it failed to address the issue. <u>Lente</u>, 647 F.3d at 1034 (emphasis added). On appeal, we held the defendant's sentencing-disparity argument was material and non-frivolous and thus the court's failure to expressly address it was procedural error. <u>Id.</u> at 1035. As, here, Defendant did not raise sentencing disparity before the district court at all, we find <u>Gantt</u> more apropos.

In <u>Gantt</u>, we upheld an upward variance to 20 years imprisonment from the Guideline sentence of seven years. <u>Id.</u> In doing so, we rejected the defendant's argument that the court failed to address sentencing disparity. <u>Id.</u> Instead, we reiterated that the district court need not expressly discuss each of the § 3553(a) factors. <u>Id.</u> at 1249; <u>see also</u> <u>Sanchez-Juarez</u>, 446 F.3d at 1116 (holding a sentencing court "is not obligated to expressly weigh on the record each of the factors set out in § 3553(a)"). Further, we stated, "one can say as a general rule that when a court considers what the Guidelines sentence (or sentencing range) is, it necessarily considers whether there is a disparity between the defendant's sentence and the sentences imposed on others for the same offense."[2] <u>Gantt</u>, 679 F.3d at 1248–49. Here, the district court properly noted

---

[2] Defendant relies heavily on our statement in <u>Lente</u> that even if a defendant did not raise a specific argument on sentencing-disparity, a sentencing court must consider the § 3553(a) factors, and one factor it must consider is the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. <u>See</u> <u>id.</u> at 1034. This statement, however, pertained to whether the defendant's sentencing-disparity argument before the district court had "colorable legal merit and a factual basis." <u>Id.</u> at 1035. Nowhere does <u>Lente</u> hold sentencing disparity requires a more stringent standard of review than the other § 3553(a) factors even where the defendant fails to raise the issue at sentencing. Further, any statement in <u>Lente</u> that could be construed as mandating *express* consideration of sentencing disparities whenever a sentencing court varies upward is neither "necessarily involved nor essential to determination" of that case and is therefore dicta. <u>Thompson v. Weyerhaeuser Co.</u>,

7

Defendant's Guideline sentencing range and then varied upward from that range based on a number of § 3553(a) factors. Therefore, under <u>Gantt</u>, it necessarily considered any potential sentencing disparity between Defendant and other similar offenders.

The district court sufficiently addressed Defendant's arguments and adequately explained its reasoning and provided a basis for us to review meaningfully the substantive reasonableness of Defendant's sentence. Thus, the district court committed no procedural error, let alone plain error, in its explanation of Defendant's sentence and its decision to vary upward from the Guidelines range.

III.

In assessing the substantive reasonableness of a sentence, the defendant need not object at sentencing to preserve the issue. <u>United States v. Mancera-Perez</u>, 505 F.3d 1054, 1058 (10th Cir. 2007). Thus, we review the substantive reasonableness of Defendant's sentence for abuse of discretion. <u>Id.</u> (citing <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007)). "Under a deferential abuse-of-discretion standard, we deem a sentence unreasonable only if it is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" <u>Gantt</u>, 679 F.3d at 1249 (quoting <u>United States v. Sayad</u>, 589 F.3d 1110, 1116 (10th Cir. 2009)). Put another way, we will only reverse a sentence for abuse of discretion "if the court 'exceeded the bounds of permissible choice,' given the facts and the applicable law

582 F.3d 1125, 1129 (10th Cir. 2009). At most, <u>Lente</u> dictates a sentencing court must expressly consider a particular § 3553(a) factor on the record where the defendant properly presents an argument under it which has colorable legal merit and a factual basis. <u>See Lente</u>, 647 F.3d at 1034–35. Here, Defendant did not raise the issue of sentencing disparity before the district court and, as discussed above, the district court properly addressed his arguments for leniency. Thus, <u>Lente</u> has no bearing on this case.

in the case at hand." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007) (quoting United States v. Ortiz, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

Defendant claims his sentence is substantively unreasonable for three reasons. First, he claims the Guidelines already account for all of the reasons the district court relied on in varying upward and thus the district court "rejected the institutional expertise of the Sentencing Commission" without giving any reason why. Second, Defendant challenges the accuracy of the particular factual circumstances cited by the district court in varying upward. Finally, Defendant argues his variance and resulting sentence do not accord with comparable cases.

The record belies Defendant's first argument. As discussed above, the district court gave a number of reasons for varying upward that were tethered to the § 3553(a) factors: (1) he was undeterred from criminal activity notwithstanding his numerous contacts with the criminal justice system; (2) the public needed protection from further crimes; and (3) he needed substance-abuse treatment. To the extent Defendant argues the Sentencing Guidelines calculation already sufficiently accounted for these concerns, he essentially asks us to re-weigh the evidence and the § 3553(a) factors. We decline this invitation. "We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision

9

that the § 3553(a) factors, on a whole, justify the [sentence imposed]." <u>Smart</u>, 518 F.3d at 808 (internal quotations omitted).

As to the accuracy of the particular facts relied on by the district court, Defendant argues the court erred in finding he was involved in a pattern of activity that involved residential burglaries, which are crimes of violence, because nothing in the record shows he knew the items he listed on Craigslist were stolen from residences. But in his plea agreement Defendant acknowledges his codefendant had burglarized residences and Defendant agreed to make restitution for those residential burglaries. As to the accuracy of the district court's assessment of Defendant's lack of interest in substance abuse treatment—which he admitted he needed—as discussed above, Defendant's failure to make any effort to even research treatment programs while out on bail supports the accuracy of this finding and the court did not abuse it's discretion in considering it.

Finally, Defendant's reliance on comparable cases is unavailing. For example, in <u>Gantt</u>, we upheld a sentence where the district court varied upward to nearly three times the Guideline range, but where the sentence imposed was still only about a quarter of the statutory maximum sentence. <u>Gantt</u> 679 F.3d at 1249–51. In <u>Gantt</u>, the Guideline sentence for the defendant's crime was seven years, but other defendants who committed the same crime had been sentenced to between 10 years to life imprisonment. <u>Id.</u> at 1249–50. In light of this range and the district court's consideration of the § 3553(a) factors, we held a sentence of 20 years was not substantively unreasonable. <u>Id.</u> at 1250–51; <u>see also</u> <u>United States v. Evans</u>, 470 F. App'x 340, 343 (5th Cir. 2012) (affirming sentence as substantively reasonable that varied upward from an applicable Guideline

10

range of 18–24 months to 60 months' imprisonment where the defendant  pleaded guilty to one count of wire fraud in violation of 18 U.S.C. 1343).

Here, Defendant's Guideline sentencing range was 27–33 months; however, the statutory maximum for the wire fraud at issue is 20 years.  <u>See</u> 18 U.S.C. § 1343.  In determining an upward variance to 60 months' imprisonment was appropriate, as discussed above, the court considered a number of 3553(a) factors.  As in <u>Gantt</u>, Defendant's sentence is less than three times the minimum Guideline sentence, and about one quarter the length of the statutory maximum sentence for a similar crime.  Further, Defendant's variance is less extreme than the upward variance in <u>Evans</u>.  Thus, Defendant has not shown that the district court exceeded the bounds of permissible choice in sentencing him to 60 months' imprisonment.  Accordingly, his sentence is not substantively unreasonable.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

11

<u>United States v. Griffin</u>, No. 12-3282
**EBEL**, J., concurring in part, dissenting in part.


I agree with the majority that there is no procedural error in this case that warrants

relief.  Nevertheless, I would vacate Defendant Thomas Griffin, Jr.'s sixty-month above-

guideline sentence as substantively unreasonable.

In imposing this sentence, the district court nearly doubled the usual sentence that

the sentencing commission established for the "mine run" of cases involving offenses and

defendants with criminal histories similar to Griffin's.  The district court varied upward

to such an extent because the district court determined that Griffin, like his co-defendant

Jordan Smith, was incorrigible.  I cannot agree, in light of Griffin's young age (twenty-

one at the time of sentencing); the fact that Griffin has never before served any time in

jail, let alone prison, for any of his three prior convictions[1]; because he was less complicit

in the conduct underlying his federal conviction than his co-defendant; and because

Griffin's prior criminal history does not indicate that Griffin just committed the same

offenses over and over again.  There is nothing in this record that justifies such a

significant upward variance.

---

[1] <u>See</u> <u>United States v. Qualls</u>, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a
lesser period of imprisonment is required to deter a defendant not previously subject to
lengthy incarceration than is necessary to deter a defendant who has already served
serious time yet continues to re-offend."); <u>United States v. Hammond</u>, 240 F. Supp. 2d
872, 880 (E.D. Wis. 2003) (noting that "if a defendant's prior sentences were measured in
months or days, a federal sentence of just a few years would likely provide a significant
deterrent"); cf. <u>United States v. Mishoe</u>, 241 F.3d 214, 220 (2d Cir. 2001) (noting that, "if
a defendant served no time or only a few months for the prior offenses, a sentence of
even three or five years for the current offenses might be expected to have the requisite
deterrent effect").

I recognize that we must afford the district court's sentencing decision significant deference, see Gall v. United States, 552 U.S. 38, 41, 49, 51-52 (2007), and that it will be a rare sentence that is substantively unreasonable, see United States v. Fraser, 647 F.3d 1242, 1247 (10th Cir. 2011). And there are factors in Griffin's case that would probably justify a sentence above the guideline range. But here the variance goes too far, and the resulting sixty-month sentence is substantively unreasonable.